## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LARRY SIMONS** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 5821 NW 72nd Street | ) | |
| Kansas City, MO 64151 | ) | Case No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **USF HOLLAND, LLC** | ) | **REQUEST FOR JURY TRIAL** |
| *Registered Agent:* | ) | |
| C T Corporation System | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Larry Simons ("Plaintiff"), by and through his attorneys, and for his cause of action against Defendant USF Holland, LLC. states and alleges as follows:

### Parties and Jurisdiction

1. This is an employment case arising under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") and the Americans with Disabilities Act, As Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA").

2. Plaintiff is a citizen of the United States currently residing in Kansas City, Wyandotte County, Kansas.

3. Defendant USF Holland, LLC. ("Defendant" or "USF Holland") is a Michigan corporation that conducts substantial and continuous business in the state of Kansas.

4. USF Holland operates a place of business at 9711 State Ave, Kansas City, Kansas 66111.

5. USF Holland employs fifty (50) or employees in a 75-mile radius.

6. Defendant is an employer within the meanings of the FMLA and the ADAAA.

7. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331 as some or all of Plaintiff's claims arise under the laws of the United States.

8. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the alleged discriminatory conduct occurred within this judicial district.

## **Administrative Procedures**

9. On February 2, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliation against Defendant (attached as Exhibit 1 and incorporated herein by reference).

10. On August 29, 2022, the EEOC issued Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference), and this lawsuit is filed within ninety days of the issuance of the same.

11. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

12. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

13. This action is filed within the applicable statutes of limitations.

## **Additional Factual Allegations**

14. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

15. Plaintiff began working for Defendant approximately March of 2019 as a Line Haul Trucker.

16. In October 2021, Plaintiff notified Defendant that he had a hernia and needed to take time off from work for surgery.

17. On or about October 15, 2021. Plaintiff's physician completed FMLA paperwork and provided the paperwork to Defendant so that Plaintiff could take necessary time off work to recover from his surgery.

18. Initially, Plaintiff's physician estimated that Plaintiff would be unable to work beginning on October 11, 2021, through approximately October 28, 2021.

19. During Plaintiff's post-surgery visit, his physician stated he could return to work on November 8, 2021, with light duty restrictions, and those restrictions could be lifted on November 18, 2021.

20. Plaintiff communicated his expected return date to John in Central Dispatch, who informed Plaintiff that he could not come back to work until he was cleared to return without any restrictions.

21. On or about November 17, 2021, Plaintiff notified Central Dispatch that he was ready to return to work without restrictions. During Plaintiff's call with Central Dispatch, however, Plaintiff was informed that he was terminated.

## COUNT I
### Violation under 29 U.S.C. § 2615(a)(1)
### FMLA Interference

22. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

23. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

24. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

25. Defendant failed to issue the appropriate documentation to Plaintiff with regard to his FMLA leave as required by federal regulations.

26. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's right to take FMLA leave.

27. A causal connection exists between Plaintiff's termination and Plaintiff's exercise of his FMLA rights.

28. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

29. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

30. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the FMLA.

31. Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

32. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

33. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

34. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT II
**Violation under 29 U.S.C. § 2615(a)(2)**
**FMLA Retaliation**

35. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

36. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

37. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

38. Plaintiff engaged in a protected activity pursuant to the FMLA by requesting and/or taking FMLA leave.

39. In terminating Plaintiff's employment, Defendant retaliated against Plaintiff because of the exercise of his FMLA rights.

40. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly

authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

41. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

42. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the FMLA.

43. Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

44. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

45. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

46. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT III</u>
## Violation under 42 U.S.C. §§ 12101 *et seq.*
## Disability Discrimination

47. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the above numbered paragraphs.

48. Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job with or without reasonable accommodation.

49. Plaintiff was disabled pursuant to the ADAAA because he had a physical impairment that substantially limited one or more major life activities, had record of such an impairment, and/or was regarded by Defendant as having a physical impairment.

50. Plaintiff's disability was a motivating or determining factor in Defendant's decision to terminate his employment.

51. Defendant discriminated against Plaintiff because of his disability.

52. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

53. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

54. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

55. Plaintiff suffered intentional discrimination in violation of the ADAAA.

56. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

57. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

58. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from similar conduct in the future.

59. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## **COUNT IV**
### **Violation under 42 U.S.C. §§ 12101 *et seq.***
### **Disability Discrimination— Failure to Accommodate**

60. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

61. Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job with or without reasonable accommodation.

62. Plaintiff was disabled pursuant to the ADAAA because he had a physical impairment that substantially limited one or more major life activities.

63. Defendant failed to accommodate Plaintiff's request for light duty work.

64. Defendant failed to accommodate Plaintiff's request for time off from work to recover from his surgery.

65. Defendant failed to engage in the interactive process as it pertains to Plaintiff's request(s) for reasonable accommodation.

66. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

67. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

68. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

69. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

70. Plaintiff suffered intentional discrimination in violation of the ADAAA.

71. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

72. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

73. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
### Violation under 42 U.S.C. §§ 12101 *et seq*.
### Retaliation

74. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all of the above numbered paragraphs.

75. Plaintiff was disabled pursuant to the ADAAA because he had a physical impairment that substantially limited one or more major life activities.

76. Plaintiff engaged in a protected activity pursuant to the ADAAA when he requested a reasonable accommodation for his disability.

77. Plaintiff's request(s) for reasonable accommodation(s) was at least a motivating or determining factor in Defendant's decision to terminate Plaintiff's employment.

78. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

79. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

80. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

81. Plaintiff suffered intentional discrimination in violation of the ADAAA.

82. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

83. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

84. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from similar conduct in the future.

85. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### <u>Demand for Jury Trial and Designation of Place of Trial</u>

Plaintiff requests a trial by jury in the District of Kansas in Kansas City on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  _/s/ Megan Lowe Stiles_
     Marc N. Middleton     D. Kan #24458
     m.middleton@cornerstonefirm.com
     Megan Lowe Stiles     D. Kan #78642
     m.stiles@cornerstonefirm.com
     5821 NW 72nd Street
     Kansas City, Missouri 64151
     Telephone            (816) 581-4040
     Facsimile            (816) 741-8889
     **ATTORNEYS FOR PLAINTIFF**